# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FUTURE SANITATION, INC., | Civil Action No.: 17-cv-06544 (PGS) |
| *Plaintiff*, | |
| v. | **MEMORANDUM AND ORDER** |
| SOUTHEAST PERSONNEL LEASING, INC., | |
| *Defendant.* | |

SHERIDAN, U.S.D.J.

This matter comes before the Court on Defendant Southeast Personnel Leasing, Inc.'s motion to transfer the case to the District Court for the Middle District of Florida, Tampa Division, pursuant 28 U.S.C. § 1404(a) (ECF No. 5). Plaintiff Future Sanitation, Inc. opposes the motion on the basis that the parties' prior forum selection clause is unenforceable. For the reasons set forth below, Defendant's motion to transfer will be granted.

### BACKGROUND

This case arises from a breach of contract. Plaintiff Future Sanitation is a New Jersey-based corporation that provides waste removal and hauling services. (SAC at ¶¶1- 3). Defendant SouthEast is a Florida-based "personnel company" that "provides 'back office' administrative services to companies, including payroll services, processing of workers' compensation insurance premiums, and other bookkeeping-type services." (*Id.* at ¶¶ 2-4).

In 2013, Future Sanitation and SouthEast entered into a "Customer Service Agreement," wherein SouthEast essentially took control of Future Sanitation's workforce and operations. (*Id.* at ¶ 7). "As part of the parties' contract, SouthEast was obligated to pay the workers' compensation

1

insurance premiums for Future Sanitations' employees, and then in turn, would charge Future Sanitation a weekly amount equal to the insurance premium." (*Id.* at ¶ 10). The agreement also contained a choice of law and forum selection clause, which provided:

> XII. GENERAL PROVISIONS.
>
> A. APPLICABLE LAW. This Agreement shall be governed by the laws of Florida and both Parties consent to venue and personal jurisdiction over them in the courts of that state, including the federal courts, for purposes of construction and enforcement of this Agreement.

(ECF No. 5-4, "Exhibit B").

In March 2015, the parties entered a "Client Leasing Agreement," which set forth essentially the same terms described above. (ECF No. 5-3, "Exhibit A"). Specifically, the parties agreed to the same mandatory forum selection clause as the 2013 agreement:

> XIII. GENERAL PROVISIONS
>
> A. This Agreement shall be governed by the laws of Florida and both Parties agree that the exclusive venue for any disputes arising from or in any way related to this Agreement shall be in the federal or state courts located in Hillsborough County, Florida and both Parties consent to personal jurisdiction over by such courts.

(*Id.*).

According to the Complaint, over the course of the parties' contract, disputes arose due to SouthEast purportedly overcharging Future Sanitation. For instance, although Future Sanitation reduced the workers' compensation premium, it continued to charge Future Sanitation at the higher rate. (SAC at ¶¶ 13-14). Future Sanitation claims, "SouthEast used its control over Future Sanitation's workforce and payroll to force Future Sanitation to pay the unlawfully inflated workers' compensation rates." (*Id.* at ¶ 23). Nevertheless, on April 12, 2016, SouthEast terminated their Client Leasing Agreement with Future Sanitation, due to its failure to make timely payments. (ECF No. 8-2 "Exhibit C").

Plaintiff raises six contract-based causes of action: (1) breach of contract; (2) breach of obligation of good faith and fair dealing; (3) tortious interference with contractual relationships; (4) tortious interference with prospective economic advantage; (5) unjust enrichment; and (6) breach of fiduciary duty. Defendant responds, contending that venue is improper, and seeks a transfer to the Middle District of Florida.

## LEGAL STANDARD

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It is within the sound discretion of the trial court to transfer an action. *See Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000). In exercising such discretion, the court is free to consider "all relevant factors," and the Third Circuit directs district courts to consider private and public interest factors, such as the plaintiff's choice of forum, the defendant's preference, where the claim arose, the convenience of parties and witnesses, and the location of books and records, as well as relative court congestion, any local interest in deciding localized controversies, and public policies of the fora. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)

Under federal law, a forum selection clause is presumed to be valid and enforceable. *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190, 202 (3d Cir. 1983). As such, "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual §1404(a) analysis in three ways." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 581 (2013). First, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 582. Finally, "when a party

3

bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a §1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* The party seeking to challenge the enforceability of the forum selection clause must demonstrate: "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp.*, 709 F.2d at 202.

## ANALYSIS

SouthEast contends that transfer of this matter to the Middle District of Florida is warranted since the forum section clause in the 2015 agreement is valid and enforceable. Future Sanitation does not contend that the forum selection clause was the result of fraud, or that it was overreaching; instead, it contends that because SouthEast terminated the parties' 2015 agreement, the mandatory forum selection clause no longer has legal effect.

Here, Future Sanitation cites two cases in support of its assertion that, "this forum selection clause was terminated prior to this litigation and is unenforceable" (Pl's Brief at 3); however, these cases are factually distinguishable. In *Mobilificio San Giacomo S.p.A. v. Stoffi*, No. 96-415, 1998 U.S. Dist. LEXIS 3288, at *5-7 (D. Del. Jan. 29, 1998), the District of Delaware was tasked with determining whether a forum-selection clause was enforceable against parties who thereafter entered a settlement agreement, which terminated all prior agreements. However, because the dispute before the court arose from the party's settlement agreement, the court concluded that the prior forum selection clause was of no import. *Id.* at *30. Similarly, in *Lockwood Corp. v. Black*, 501 F. Supp. 261, 263-64 (N.D. Tex. 1980), which the *Mobilicio* court cited, the Northern District

4

of Texas found a forum-selection clause unenforceable, where the dispute arose from transactions that took place after the contract was terminated. However, unlike *Mobilificio* and *Lockwood Corp.*, the present matter arises directly from the parties' 2015 agreement, which contained the forum-selection clause.

In fact, courts have consistently rejected Future Sanitation's argument that a forum selection clause no longer applies once the contract is terminated. *See Aamco Transmissions, Inc. v. Romano*, 42 F. Supp. 3d 700, 707 (E.D. Pa. 2014) (listing cases). "In the absence of contractual language expressly or implicitly indicating the contrary, a forum selection clause survives termination of the contract." *Advent Electronics, Inc. v. Samsung Semiconductor, Inc.*, 709 F. Supp. 843, 846 (N.D. Ill. 1989). As such, whether a contract containing a forum selection clause has been terminated is irrelevant where a party seeks to enforce rights arising from the same. *Id.* at n.4; *Aamco Transmissions, Inc.*, 42 F. Supp. 3d at 707 ("Unless otherwise expressed, a choice of forum clause does not expire upon termination of the contract from which it derives. . . . [T]o read the contract so as to disregard the forum-selection clause for actions brought following termination would be to distort its usual, common sense meaning and applicability" (internal quotation mark and citation omitted)); *TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 535 (E.D. Pa. 2010) ("Although termination and cancellation of an agreement extinguish future obligations of both parties to the agreement, neither termination nor cancellation affect those terms that relate to the settlement of disputes or choice of law or forum selection clauses." (quoting 13 Corbin on Contracts § 67.2, at 12 (rev. ed. 2003)). Here, given that Future Sanitation's cause of action arises from the party's 2015 agreement, the Court sees no reason for refusing to enforce the parties' forum selection clause.

Future Sanitation's alternative public policy argument is unconvincing. Relying principally on New Jersey's statutory regulations of employee leasing companies, Future Sanitation contends that New Jersey has a "strong public interest in regulating the activity of the Defendant," which weighs in favor of refusing to enforce the forum selection clause. (Pl's Brief at 4). However, as noted above, the Supreme Court's decision in *Atlantic Marine*, significantly changed the traditional Section 1404(a) analysis, when a party seeks to challenge the enforcement of a forum selection clause:

> The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. For that reason, and because the overarching consideration under §1404(a) is whether a transfer would promote "the interest of justice," a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.

134 S. Ct. at 581 (internal quotation marks and citation omitted). Guided by *Atlantic Marine*, the Third Circuit has held, "in most cases, district courts must enforce valid forum-selection clauses when adjudicating § 1404(a) transfer motions." *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 401 (3d Cir. 2017). "When all parties in the litigation are also parties to the forum-selection clause, as is the case here, there is 'a strong presumption in favor of enforcing forum-selection clauses.'" *Steinmetz v. Scholastic Inc.*, No. 16-3583, 2017 U.S. Dist. LEXIS 149952, at *5 (D.N.J. Sept. 15, 2017) (quoting *In re Howmedica Osteonics Corp*, 867 F.3d at 403). Here, Future Sanitation has not overcome this strong presumption; as such, consistent with *Atlantic Marine* and *In re Howmedia Osteonics*, the Court will enforce the party's valid forum-selection clause. *See id.*

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 27th day of November, 2017,

ORDERED that Defendant Southeast Personnel Leasing, Inc.'s, motion to transfer the case to the District Court for the Middle District of Florida, Tampa Division (ECF No. 5) is GRANTED pursuant to 28 U.S.C. § 1404(a).

*s/Peter G. Sheridan*  
PETER G. SHERIDAN, U.S.D.J.